IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRIS A. BABIN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STANTEC, INC., STANTEC CONSULTING | : | NO. 09-1160 |
| SERVICES, INC., and STANTEC | : | |
| CONSULTING, LTD., | : | |
| Defendants. | : | |

DuBOIS, J.                                                                                                         August 25, 2010

**M E M O R A N D U M**

**I.     Introduction**

Plaintiff Chris A. Babin filed this action against defendants Stantec, Inc.; Stantec Consulting Services, Inc.; and Stantec Consulting, Ltd., on March 13, 2009, alleging violations of the mandatory overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Plaintiff worked for the defendants as an Electrical Designer from October 5, 2000, to December 7, 2007, a job classified by defendants under the category "HE employees (Hourly, Straight Time Overtime)." (Plf.'s Brief 2-3.) Defendants' Staff Type Categories policy defines HE employees as "otherwise overtime exempt full-time employees [who] are paid at straight time for every hour worked after 40 hours." (Id. at Ex. H.)

Plaintiff alleges that defendants "intentionally and unilaterally misclassif[ied] Plaintiff and other similarly situated employees as professional overtime exempt employees, and then fail[ed] to pay those employees at the rate of one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per week." (Id. at 2.) Plaintiff seeks to recover, on

behalf of himself and all similarly situated employees of the defendants, unpaid overtime wages, liquidated damages, interest, costs, and attorneys' fees as authorized under FLSA. (Id.)

Presently before the Court is Plaintiff's Supplemental Motion for Conditional Certification of Collective Class, filed April 21, 2010, and defendants' Motion to Strike expert witness testimony, filed May 5, 2010. For the reasons stated below, the Court denies plaintiff's motion and denies as moot defendants' motion.

## II. Background

Plaintiff filed his first Motion for Conditional Certification of a Collective Class on September 1, 2009, seeking certification of a collective class of potential opt-in litigants as follows:

> All current and/or former employees who work or worked for
> Defendants at any of their office locations throughout the United
> States as Designers and/or who are/were categorized by Defendants
> as "HE employees (Hourly, Straight Time Overtime)" at any time
> from March 13, 2006 through the present.

(Id.) By Order of November 24, 2009, the Court denied plaintiff's first motion on the ground that "plaintiff has failed to state how all employees within the broad categories of HE employees and designers would be similarly situated to plaintiff – that they were misclassified as HE employees and thus unlawfully paid straight-time overtime under FLSA." Babin v. Stantec, Inc., No. 09-CV-1160, at 5 (E.D. Pa. Nov. 24, 2009). The first motion was denied without prejudice to plaintiff's right to file a supplemental motion for certification of a collective class that meets the "similarly situated" standard after the completion of relevant discovery. Id.

Presently before the Court is plaintiff's Supplemental Motion for Conditional Certification of a Collective Class. In this motion, plaintiff moves for conditional certification of

class limited only to designers, specifically:

> All current and/or former employees who work or worked for Defendants at any of their office locations throughout the United States as a Designer in any capacity or discipline, and who were classified as overtime exempt employees at any time from March 13, 2006 through the present.

(Pl.'s Brief 4.) As in his previous motion, plaintiff also requests authorization to serve court-supervised notice on all potential collective class members and asks the Court to compel defendants to provide the names, last known addresses, and phone numbers of these potential litigants. (Pl.'s Mot. 1.)

## III.  Legal Standard

FLSA provides for collective actions by employees against employers who violate the statute, subject to two requirements: (1) the employees must be "similarly situated"; and (2) they must give "written consent." 29 U.S.C. § 216(b). The Supreme Court has held that "Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated" grants a district court the "requisite procedural authority to manage the process of joining multiple parties" in an orderly and sensible manner. Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). Thus, district courts have "discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." Id. at 169.

FLSA does not define the term "similarly situated," and neither the Supreme Court nor the Third Circuit has directly addressed the meaning of the phrase. Courts in the Eastern District of Pennsylvania have adopted a two-step procedure for examining a proposed collective action. In the first stage, the district court makes a "preliminary inquiry into whether the plaintiff and the proposed group are similarly situated. This inquiry occurs early in the litigation when minimal

evidence is available to the court." Parker v. NutriSystem, Inc., No. 08-1508, 2008 WL 4399023, at *1 (E.D. Pa. Sept. 26, 2008). In the second stage, which takes place after discovery is complete, the court conducts a "factual analysis of each employee's claim to ensure that each proposed plaintiff is an appropriate member of the collective action." Lugo v. Farmer's Pride Inc., No. 07-cv-00749, 2008 WL 638237, at *3 (E.D. Pa. Mar. 7, 2008). In making its second stage determination, the court "require[s] a higher level of proof than was necessary at the first stage for conditional certification." Id. The present motion implicates the first of these two steps.

As stated in the Court's Order of November 24, 2009, plaintiff's supplemental motion will be considered under the "modest factual showing" standard, as parties have had the benefit of discovery on this issue. Babin v. Stantec, Inc., No. 09-CV-1160, at 5 (E.D. Pa. Nov. 24, 2009). Thus, in order to grant plaintiff's motion for conditional certification of a collective class, plaintiff must "make a 'modest factual showing' that the similarly situated requirement is satisfied." Bosley v. Chubb Corp., No. 04CV4598, 2005 WL 1334565, at *3 (E.D. Pa. June 3, 2005).

**IV.     Discussion**

In support of his supplemental motion, plaintiff presents the following evidence:

(a) three architectural designers have filed Notices of Intent to Participate as opt-in plaintiffs, which "confirm that the primary job duties, functions and/or responsibilities of Stantec's designers do not vary across disciplines or specialties" (Pl.'s Brief 8);

(b) declarations from two independent experts, Charles Smith and Nandu V. Makhija, both of whom are licensed engineers and principals in Pennsylvania-based engineering

-4-

firms, demonstrate that "all designers – regardless of discipline, specialty, training or expertise – perform the same primary duties and functions" (id. at 11);

    (c) defendants' corporate designee, Diane Kelly, "admitted [in her deposition] that all designers perform the same common duties" (id. at 11-12); and

    (d) defendants' FLSA policies and guidelines list "designers" as an example of non-exempt employees, but plaintiff and the three opt-in plaintiffs were all classified as overtime-exempt despite their positions as designers (id. at 15).

In response to plaintiff's supplemental motion, defendants argue that:

    (a) "plaintiff has identified no uniform basis upon which he contends that employees using the 'designer' business card titles have been misclassified" (Defs.' Resp. 17);

    (b) plaintiff has "failed to demonstrate that he is similarly situated to all current and former employees who use or used the 'designer' business card title" because there are vast differences among designers and plaintiff has submitted evidence about only two of 53 unique "designer" business card titles (id. at 18, 21-38);

    (c) plaintiff is not representative of the class he seeks to represent (id. at 38); and

    (d) even if conditional certification were appropriate, plaintiff's proposed class is overbroad and "should be limited to employees using electrical and architectural designers business card titles within the Albany office" (id. at 40-41).

Defendants also argue in their response to plaintiff's supplemental motion and in their Motion to Strike that plaintiff's two expert declarations should not be considered when the Court rules on plaintiff's supplemental motion. Defendants contend that the declarations are not properly before the Court, as plaintiff failed to provide "curriculum vitae, credentials, education,

academic training, certificates and licenses, employment experiences or publications germane to the opinions at issue" or to disclose the experts during discovery, which precluded defendants from taking depositions or conducting related discovery on their opinions or qualifications. (Mot. to Strike 1-2.)

The Court concludes that plaintiff's proposed collective class is not "similarly situated" under the modest factual showing standard, regardless of whether the Court credits plaintiff's expert declarations. Thus, the Court denies plaintiff's Supplemental Motion for Conditional Certification of a Collective Class and denies defendants' Motion to Strike as moot.

To satisfy the "similarly situated" standard, plaintiff must "provide some 'modest' evidence, beyond pure speculation, that Defendant's alleged policy affected other employees." Smith v. Sovereign Bancorp, Inc., No. 03-2420, 2003 WL 22701017, at *3 (E.D. Pa. Nov. 13, 2003). While plaintiff presents evidence that three other employees carrying a designer business card title may have been misclassified as overtime-exempt, he does not present "evidence[] beyond pure speculation" that employees across 53 distinct business card titles may have been similarly misclassified.

To cure this deficiency, plaintiff argues that declarations from two experts establish a "modest factual showing" that plaintiff is similarly situated to other designers in the proposed class. However, neither expert has specific knowledge of defendants' job titles or functions, classification policies, or general business operations. Stating simply that "all designers . . . perform the same general duties and functions" (Decl. of Charles Smith, Pl.'s Mot. Ex. D, ¶ 8; Decl. of Nandu V. Makhija, Pl.'s Mot. Ex. E, ¶ 8) is insufficient to show that plaintiff is similarly situated to all other designers employed by defendants. In fact, defendants' evidence

demonstrates significant differences among designers depending on their geographic location and practice area, and in terms of their day-to-day job duties, technical skill, and educational requirements. (See Defs.' Resp. 22.)

With respect to the Kelly deposition, the Court rejects plaintiff's argument that her testimony establishes that all designers perform the same common duties. To the contrary, Kelly specifically testified, "I can't speak for all designers, because designers is – it's not a title, it's a kind of work function, it could be within any number of different practices. So what it would look like in environmental might be different than what it looks like in buildings, engineering . . . versus transportation." (Kelly Deposition, Defs.' Resp. Ex. F at 14.)

While designers may share certain general job functions – including preparing or reviewing project designs, drawings, calculations, and documentation – that alone is insufficient to establish that designers are similarly situated. Rather, determining whether an employee is properly classified as overtime-exempt as an executive, administrative, or professional employee requires identifying the employee's "primary duty" – not just the employee's generalized job functions – and determining how much time the employee spends performing both exempt and non-exempt work. See 29 C.F.R. §§ 451.100, 541.200, 541.300, 541.700.

Finally, the Court rejects plaintiff's argument that defendants' FLSA policies and guidelines – which identify designers as an example of a non-exempt employee – establish that plaintiff's proposed class is similarly situated because plaintiff and at least three other designers were classified as overtime-exempt. In fact, defendants may not lawfully rely solely on the "designer" job title to classify someone as exempt or non-exempt: "[a] job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of

any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations . . . ." 29 C.F.R. §541.2. As a result, plaintiff's reliance on defendants' FLSA policy fails to support his motion for conditional certification of a collective class.

**V.     Conclusion**

For the reasons stated above, the Court denies Plaintiff's Supplemental Motion for Conditional Certification of Collective Class. Defendants' Motion to Strike expert witness testimony is denied as moot.

An appropriate order follows.